IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIDGETTE CHATMAN-LEWIS, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 CV 1322 |
| ) | |
| v. ) | Judge Guzman |
| ) | |
| PITNEY BOWES, INC., ) | Magistrate Judge Cox |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT OF EMPLOYMENT DISCRIMINATION**

Defendant, Pitney Bowes Inc., through its attorneys, Seyfarth Shaw LLP, answers the Complaint of Employment Discrimination of Plaintiff Bridgette Chatman-Lewis as follows:

**COMPLAINT ¶ 1:**

This is an action for employment discrimination.

**ANSWER:**

Defendant admits this is an action for purported employment discrimination, but denies that it violated any law.

**COMPLAINT ¶ 2:**

The plaintiff is Bridgette Chatman-Lewis of the county of Cook in the state of Illinois.

**ANSWER:**

Defendant admits that Plaintiff is Bridgette Chatman-Lewis. Upon information and belief, Defendant admits that Plaintiff lives in Cook County in the state of Illinois.

**COMPLAINT ¶ 3:**

The defendant is Pitney Bowes, Inc., whose street address is 1 Elmcroft Rd. – MSC 63-29, Stamford, CT 06926.

**ANSWER:**

Defendant admits that its World Headquarters is located at 1 Elmcroft Road, Stamford, Connecticut 06926.

**COMPLAINT ¶ 4:**

The plaintiff sought employment or was employed by the defendant at 1842 Brummel Ave., Elk Grove Village, Cook County, IL 60007.

**ANSWER:**

Defendant admits that Plaintiff sought employment and is currently employed by Defendant at its office, which is located in Cook County, at 1842 Brummel Ave., Elk Grove Village, IL 60007.

**COMPLAINT ¶ 5:**

The plaintiff was hired and is still employed by the defendant.

**ANSWER:**

Defendant admits the allegations in Complaint ¶ 5.

**COMPLAINT ¶ 6:**

The defendant discriminated against the plaintiff on or about, or beginning on or about, January 1, 2006.

**ANSWER:**

Defendant denies each and every allegation contained in Complaint ¶ 6.

**COMPLAINT ¶ 7.1:**

(a) The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with the United States Equal Employment Opportunity Commission, on or about June 1, 2006.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached.

**ANSWER:**

Defendant admits that it is not a federal governmental agency, and that Plaintiff filed a charge against the Defendant asserting purported acts of discrimination with the United States Equal Employment Opportunity Commission. Defendant further admits that a copy of the charge was attached to the Complaint. Defendant denies each and every remaining allegation in Paragraph 7.1 of the Complaint.

**COMPLAINT ¶ 7.2:**

2. The plaintiff received a Final Agency Decision on December 10, 2007.

c. Attached is a copy of the Complaint of Discrimination and Final Agency Decision.

**ANSWER:**

Defendant admits that the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue on December 10, 2007. Defendant further admits that a copy of the Notice of Right to Sue was attached to the Complaint. Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff received the Notice of Right to Sue on December 10, 2007. Defendant denies each and every remaining allegation in Paragraph 7.2 of the Complaint.

**COMPLAINT ¶ 8:**

The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on December 10, 2007 a copy of which *Notice* is attached to this complaint.

**ANSWER:**

Defendant admits that the United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue, and that a copy of the Notice was attached to the complaint. Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff received the Notice of Right to Sue on December 10, 2007.

**COMPLAINT ¶ 9:**

The defendant discriminated against the plaintiff because of the plaintiff's Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981); Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981); and Sex (Title VII of the Civil Rights Act of 1964).

**ANSWER:**

Defendant denies each and every allegation contained in Complaint ¶ 9.

**COMPLAINT ¶ 10:**

If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**ANSWER:**

Complaint ¶ 10 is too vague and ambiguous to permit a meaningful response because Defendant is not a state, county, municipal (city, town or village) or other local governmental agency.

**COMPLAINT ¶ 11:**

Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); for 42 U.S.C. §1981 and §1983 by 42 U.S.C. §1988; for the A.D.E.A. by 42 U.S.C. §12117; for the Rehabilitation Act, 29 U.S.C. §791.

**ANSWER:**

Defendant admits that Plaintiff asserts that jurisdiction is conferred by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3) for her Title VII claims, and 42 U.S.C. § 1988 for her 42 U.S.C. § 1981 claims, but denies that it violated Title VII, 42 U.S.C. § 1981, or any other law. Defendant denies each and every remaining allegation contained in Complaint ¶ 11.

**COMPLAINT ¶ 12:**

The defendant failed to stop harassment; retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10

above; subjected the plaintiff to intimidation, unfair assignments, and subjected to different terms and conditions of employment.

**ANSWER:**

Defendant denies each and every allegation contained in Complaint ¶ 12.

**COMPLAINT ¶ 13:**

The facts supporting the plaintiff's claim of discrimination are as follows: lost compensation (retaliation for engaging in protected activity); lost incentives; lack of support (intimidation for engaging in protected activity); referred to/called a derrogatory [sic] name due to race; defendant began a corrective action process when I had good standing with company.

**ANSWER:**

Defendant denies each and every allegation contained in Complaint ¶ 13.

**COMPLAINT ¶ 14:**

Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**ANSWER:**

Defendant denies each and every allegation contained in Complaint ¶ 14.

**COMPLAINT ¶ 15:**

The plaintiff demands that the case be tried by a jury.  ☐ YES     ☐ NO

**ANSWER:**

Complaint ¶ 15 is too vague and ambiguous to permit a meaningful response because it fails to state whether Plaintiff demands that her case be tried by a jury.

**COMPLAINT ¶ 16:**

THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff:

If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

Grant such other relief as the Court may find appropriate.

**ANSWER:**

Defendant denies each and every allegation contained in Complaint ¶ 16.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claim for relief is barred to the extent she has failed to mitigate her damages.

2. Plaintiff's claims are barred to the extent they occurred and/or accrued outside of the applicable statute of limitations.

3. Plaintiff's claims, in whole or in part, are barred by her failure to have exhausted her federal, state or local administrative remedies.

4. Plaintiff's claims, in whole or in part, are barred to the extent they are beyond the scope of her Equal Employment Opportunity Charge of Discrimination.

5. Plaintiff fails to state a claim upon which relief may be granted.

6. Plaintiff should be estopped from asserting some or all of the claims set forth in her Complaint.

7. Plaintiff cannot sustain her claims because Defendant exercised reasonable care to prevent and promptly correct any inappropriate behavior in the workplace.  Further, Plaintiff did not provide Defendant with notice of the alleged inappropriate behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant and/or to avoid harm otherwise.

8. Plaintiff is not entitled to punitive damages since Defendant cannot be vicariously liable for discriminatory employment decisions of its managerial agents because those decisions, if any, were contrary to Defendant's good faith efforts to comply with applicable federal, state, and local laws prohibiting employment discrimination.

9. Defendant is not responsible for the acts of employees that were outside the course and/or scope of its duties to which those employees were assigned, including intentional acts and/or criminal acts not taken in furtherance of Defendant's objectives.

10. Plaintiff's Complaint fails to set forth facts sufficient to constitute a claim for punitive damages.

11. Plaintiff cannot recover damages as alleged, or any such damages recovered must be reduced, because of Plaintiff's unclean hands.

## **Reservation of Rights**

Defendant reserves its right to amend its answer and to assert any additional affirmative defenses as may become available or apparent at a future date.

WHEREFORE, Defendant, Pitney Bowes Inc., respectfully requests that the Court deny the relief sought by the Complaint, dismiss this action with prejudice and/or enter judgment on Defendant's behalf, and award Defendant such other relief as the Court deems just and proper.

**DATED: April 17, 2008**　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　PITNEY BOWES INC.


　　　　　　　　　　　　　　　　　　　　　By /s/ Brianne M. Gruszka
　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys


William F. Dugan (IL #6229172)
Brianne Gruszka (IL # 6286289)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000 - Telephone
(312) 460-7000 - Facsimile

7

CH1 11453539.1

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT OF EMPLOYMENT DISCRIMINATION to be served upon Plaintiff, who is a pro se party, via the Court's electronic notification system and U.S. mail, postage prepaid, on this 17th day of April, 2008:

>Bridgette Chatman-Lewis
>740 S. Grove
>Oak Park, Illinois 60304

>/s/ Brianne M. Gruszka
>Brianne M. Gruszka