IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIDGETTE CHATMAN-LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 1322 |
| | ) | |
| v. | ) | Judge Guzman |
| | ) | |
| PITNEY BOWES, INC., | ) | Magistrate Judge Cox |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROPOSED DISCOVERY PLAN

The parties, having held a scheduling conference attended by Robin Potter for the Plaintiff and William F. Dugan for the Defendant, as required by Fed. R. Civ. P. 26(f), submit the following proposed scheduling order:

(A)  The parties believe that an early settlement conference will not likely result in the disposition of the case.

(B)  The parties disagree regarding the date of service for their initial disclosures and the scope of such disclosures. Defendant proposes that the parties shall have until July 21, 2008 to serve their initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1). Plaintiff proposes that the parties shall have until July 31, 2008 to make Rule 26(a)(1) disclosures, and that the disclosures will include an actual exchange of documents listed in the disclosures, in computer readable and searchable format.

(C)  The parties disagree regarding the filing date for all motions that seek to amend the pleadings or add parties. Defendant proposes that all motions that seek to amend the pleadings or add parties will be filed by August 21, 2008. Plaintiff proposes that all motions that seek to amend the pleadings or add parties will be filed by November 21, 2008.

(D)  It is premature for the parties to state whether they anticipate issues relating to the discovery or disclosure of electronically-stored information.

(E)  The parties do not request that discovery be conducted in phases, or limited to or focused on particular issues.

(F) The parties do not propose any limitations on discovery beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules. Defendant disagrees with Plaintiff's proposal that the parties will reserve the right to seek additional discovery.

(G) It is premature for the parties to state whether they anticipate issues relating to privilege, but will provide a privilege log for documents withheld on the basis of privilege.

(H) Either party will move for a protective order to protect any confidential material, if appropriate.

(I) The parties disagree regarding the cut-off date for non-expert discovery. Defendant proposes that non-expert discovery will close on November 14, 2008. Plaintiff proposes that non-expert discovery will close on January 31, 2009.

(J) The parties disagree regarding the cut-off date for designation of their trial expert(s). Defendant proposes that the cut-off date for designation of Plaintiff's trial expert(s) as provided in Fed. R. Civ. P. 26(a)(2) is January 1, 2009; for Defendant's trial expert(s), March 1, 2009. Plaintiff proposes that the cut-off date for designation of Plaintiff's trial expert(s) as provided in Fed. R. Civ. P. 26(a)(2) is March 1, 2009; for Defendant's trial expert(s), April 1, 2009. Both parties agree that the depositions of the experts shall be taken within 60 days of designation, and that unless otherwise stipulated, disclosure of experts will include a report fully in compliance with Rule 26(a)(2)(B).

(K) Any motion challenging the qualifications of a designated expert must be made within 30 calendar days after the deposition of the expert or the close of discovery, whichever is earlier. If no motion is filed, the court may deem such challenges waived.

**Dispositive Motions**

The parties disagree regarding the deadlines for dispositive motions. Defendant proposes that any dispositive motions (motions for summary judgment) will be presented with a proposed agreed briefing schedule by February 15, 2009. The non-moving party will have 21 calendar days to respond to any motion; the moving party 14 calendar days to reply. Plaintiff proposes that any dispositive motions (motions for summary judgment) will be presented with a proposed agreed briefing schedule by June 15, 2009. The non-moving party will have 30 calendar days to respond to any motion; the moving party 14 calendar days to reply.

**Consent to Proceed Before a Magistrate Judge**

The parties do not consent to have their case proceed before a magistrate judge.

**Trial, Pretrial Conference, Pretrial Order**

(A) The parties disagree regarding the jury trial date. Defendant proposes that the case shall be ready for jury trial by September 1, 2009. Plaintiff proposes that the case shall be ready for jury trial by October 1, 2009. Both parties agree that the trial is projected to last one week.

(B) The parties disagree regarding the filing date for the joint pretrial order and drafts of such. Defendant proposes that a joint pretrial order will be filed on July 31, 2009. Plaintiff's draft shall be served on Defendant by June 30, 2009 and Defendant's draft shall be served on plaintiff(s) by July 15, 2009. Plaintiff proposes that a joint pretrial order will be filed on August 1, 2009. Plaintiff's draft shall be served on Defendant by July 1, 2009 and Defendant's draft shall be served on plaintiff(s) by July 15, 2009.

(C) Motions *in limine*, and responses thereto, shall be filed with the joint final pretrial order. (No reply briefs will be accepted on motions *in limine*.) Three copies of the pretrial order shall be delivered to chambers no less than one week prior to the date of the pretrial conference, which will be set on _____.

Respectfully submitted,


| BRIDGETTE CHATMAN-LEWIS | PITNEY BOWES, INC. |
|---|---|
| By  s/ Robin Potter<br>   One of her Attorneys | By  s/ William F. Dugan<br>   One of its Attorneys |
| Robin Potter<br>Denise M. Kelleher<br>ROBIN POTTER & ASSOCIATES, P.C.<br>111 East Wacker Drive, Suite 2600<br>Chicago, IL  60601<br>(312) 861-1800 | William F. Dugan (IL #6229172)<br>Brianne Gruszka (IL # 6286289)<br>SEYFARTH SHAW LLP<br>131 South Dearborn Street<br>Suite 2400<br>Chicago, Illinois 60603<br>(312) 460-5000 - Telephone<br>(312) 460-7000 - Facsimile |

CH1 11512351.3

**CERTIFICATE OF SERVICE**

      I, William F. Dugan, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing PROPOSED DISCOVERY PLAN to be served upon the following via the Court's electronic notification system on this 10th day of July, 2008:

> Robin Potter
> Denise M. Kelleher
> ROBIN POTTER & ASSOCIATES, P.C.
> 111 East Wacker Drive, Suite 2600
> Chicago, IL  60601

                                      ___/s/ William F. Dugan_____
                                                  William F. Dugan